[J-56A&B-2014][M.O. – Eakin, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | Nos. 686 & 687 CAP |
| | : | |
| Appellant | : | Appeal from the Order entered on |
| | : | 9/13/13 in the Court of Common Pleas, |
| v. | : | Criminal Division of Lehigh County at |
| | : | No. CP-39-CR-0001114-2002 |
| RAYMOND SOLANO, | : | |
| | : | |
| Appellee | : | SUBMITTED:  May 29, 2014 |

***CONCURRING OPINION***

**MR. CHIEF JUSTICE SAYLOR**                    **DECIDED:  December 21, 2015**

Although I support the outcome and agree with much of the majority's reasoning, I have a number of material differences.  Accordingly, I concur in the result.

By way of a few examples of these differences, first, in applying the prejudice prong of the standard for determining deficient attorney stewardship, the majority phrases the relevant test in outcome-determinative terms, *see* Majority Opinion, *slip op.* at 12 n.9, whereas, the appropriate one is tethered to whether confidence in the verdict has been undermined.  *See, e.g.*, *Strickland v. Washington*, 466 U.S. 668, 697, 104 S. Ct. 2052, 2069 (1984) (explaining that a strict outcome determinative test imposes too heavy a burden).[1]  Second, the majority approaches Appellant's conflict-of-interest

---

[1] While I consider the majority's treatment, in this regard, to represent an abbreviated application of the appropriate standard encompassing a reasonable-probability assessment, it would be my preference to avoid shorthanding given the potential for misinterpretation.

claim in a somewhat generic fashion, *see* Majority Opinion, *slip op.* at 14-15, when I believe that the conflict in issue is a particularly problematic species entailing multiple concurrent representation within the purview of the United States Supreme Court's decision in *Cuyler v. Sullivan*, 446 U.S. 335, 100 S. Ct. 1708 (1980).[2]  Notably, there is continued controversy over the appropriate development of the standards prescribed by *Sullivan*.  *See, e.g.*, *West v. People*, 341 P.3d 520, 531-32 (Colo. 2015) (discussing the approaches of various jurisdictions in determining the adverse effect of multiple concurrent representation on the defense).  Third, the majority appears to revert to the practice of gleaning reasonable strategies on the part of defense counsel, which the Court has otherwise eschewed.  *Compare* Majority Opinion, *slip op.* at 32 (theorizing that "counsel could have wished to downplay" evidence of prior bad acts on Appellant's part rather than seeking a limiting instruction), *with Commonwealth v. Duffey*, 579 Pa. 186, 205, 855 A.2d 764, 775 (2004) ("[T]his court should refrain from gleaning whether [a] reasonable basis exists."); *cf. Wiggins v. Smith*, 539 U.S. 510, 526-27, 123 S. Ct. 2527, 2538 (2003) (admonishing that courts are to avoid "*post hoc* rationalization of counsel's conduct").  As a final example, I would prefer not to frame the mitigation aspect of the penalty calculus in terms of "arous[ing] the jury's sympathy," Majority Opinion, *slip op.* at 67; rather, I believe that the relevant inquiry concerns the impact of mitigation upon the jurors' assessment of the degree of a defendant's moral culpability in the discrete selection determination between the penalties of life imprisonment and death.

---

[2] The conflict was particularly stark in this case, since the same public defenders' office that represented Appellant also represented the individual, Catalino Morales, found in possession of the weapons linked by the prosecution to the killing for which Appellant was charged.  Morales, thus, specifically was a potential suspect and a key figure in Appellant's prosecution.